IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02445-DDD-NYW

TONG THAO LO,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Nina Y. Wang

    This matter comes before the court on non-party HCA-HealthONE LLC d/b/a North Suburban Medical Center's ("NSMC") Partially Unopposed Motion to Restrict ECF# 60 Under Level 1 Restriction (the "Motion" or "Motion to Restrict") [#87, filed March 11, 2020]. This court considers the Motion pursuant to 28 U.S.C. § 636(b) and the Order Referring Motion(s) dated March 12, 2020 [#88].

    "'Courts have long recognized a common-law right of access to judicial records,' but this right 'is not absolute.'" *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996). There is a presumption that documents essential to the judicial process are to be available to the public, but access to them may be restricted when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir. 1997). Accordingly, courts may exercise discretion and restrict a public's right to access judicial records if that "'right of access is outweighed by competing interests.'" *JetAway*, 754 F.3d at 826 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *cf. United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking.").

    In exercising that discretion, the court "'weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties.'" *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)). The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted); *Pine Tele. Co. v. Alcatel-Lucent USA Inc.*, 617

F. App'x 846, 852 (10th Cir. 2015) (showing of "significant interest" required). "[A] generalized allusion to confidential information" is insufficient; as is the bare reliance on the existence of a protective order pursuant to which the documents were filed. *JetAway*, 754 F.3d at 826-27; *see also* D.C.COLO.LCivR 7.2 (stipulations between parties or stipulated protective orders regarding discovery, standing alone, are insufficient to support restriction). But a party may overcome the presumption of public access where the records contain trade secrets, *Alcatel-Lucent*, 617 F. App'x at 852; "business information that might harm a litigant's competitive standing," *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 598 (1978); information which "could harm the competitive interests of third parties," *Hershey v. ExxonMobil Oil Corp.*, 550 F. App'x 566, 574 (10th Cir. 2013); or private or personally identifiable information, Fed. R. Civ. P. 5.2, or otherwise invade privacy interests, *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205. (citing *Nixon*, 435 U.S. at 599).

These principles are reflected in D.C.COLO.LCivR 7.2(a). Local Rule 7.2(c) is quite clear that a party seeking to restrict access must make a multi-part showing. It must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access—such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)–(4).

NSMC seeks Level 1 Restriction over the deposition transcript of its Rule 30(b)(6) designees Darla Juhl and Brittney Gerard (the "designees"). [#60]. NSMC indicates that it agreed to the Rule 30(b)(6) deposition because it agreed with the Parties that the deposition transcript would be subject to a protective order, *see* [#87 at 1-2],[1] and now seeks continued restriction of that transcript upon learning that Plaintiff had filed the transcript [#60] under restriction without an accompanying motion to restrict, thereby allowing the initial restriction to lapse. *See* [#87 at 2-3]. As part of the deposition, the designees testified "in detail concerning financial information which NSMC considers to be confidential and proprietary, including setting prices for services and supplies on NSMC's chargemaster, updates and revisions to NSMC's chargemaster, NSMC billing practices, the reasonableness of NSMC's charges for services rendered, and discounts offered by NSMC." [*Id.* at 3-4]. NSMC argues that it was not previously informed nor aware that such information had been publicly filed, and as a non-party its financial and proprietary information enjoys protection from public disclosure, and that it will be harmed should competitors obtain this information. *See* [*id.* at 4-5]. NSMC indicates that Plaintiff does not oppose the requested relief and that although it could not confer with Defendant prior to filing this Motion, it understood Defendant to not oppose protecting disclosure of this information. *See* [*id.* at 4]. Finally, because Plaintiff referred to the deposition wholesale without any pin citations, NSMC cannot determine whether redaction is appropriate, but is willing to submit a redacted version that does not disclose the sensitive financial and proprietary information. *See* [*id.* at 5-6].

Upon review of the Motion and deposition transcript, I conclude that Level 1 Restriction is appropriate. This court understands that non-parties enjoy a privacy interests in their financial and proprietary information that does not relate to the issues before the court. *See Am. Friends*

---

[1] NSMC's Partially Unopposed Motion for Protective Order [#86] remains pending, and this court will address that Motion by separate order.

*Serv. Comm. v. City & Cty. of Denver*, No. CV 02-N-740 (CBS), 2004 WL 7334020, at **10-11 (D. Colo. Feb. 19, 2004) ("While portions of Documents 100 and 116 must be unsealed, it is important to distinguish between the Denver Police Department and individual officers who are not parties to this lawsuit. I believe that those non-parties retain a privacy interest that should be respected. . . . By unsealing those portions of Document No. 100 and Document No. 116 that refer to specific individuals, I would be penalizing non-parties who became part of the court file because their names were included in a sealed document filed in opposition to an unwarranted discovery request."). That interest is implicated here, and this court concludes that restriction of NSMC's financial and proprietary information outweighs the public's interest in disclosure as such information does not lie at the core of the dispute between the Parties in this action. *See Rickaby v. Hartford Life & Accident Ins. Co.*, No. 15-CV-00813-WYD-NYW, 2016 WL 1597589, at *5 (D. Colo. Apr. 21, 2016) (restricting access to commercially sensitive information and proprietary contracts); *Teets v. Great-W. Life & Annuity Ins. Co.*, No. 14-CV-02330-WJM-NYW, 2016 WL 1586418, at *3 (D. Colo. Apr. 20, 2016) (restricting documents that "appear to reflect financial information that Great-West considers proprietary, and wholesale disclosure of such documents could put Great-West at a competitive disadvantage.").[2] And, while not dispositive, I note that Plaintiff does not oppose restriction, and NSMC represents to the court that Defendant understood the sensitivity of NSMC's financial and proprietary information and Defendant has not objected to the Motion to Restrict within the three days contemplated under D.C.COLO.LCivR 7.2(d).

Based on the foregoing, the Clerk of the Court will maintain Level 1 Restriction over the deposition transcript located at docket entry [#60]. With that said, this court does not believe that wholesale restriction of the transcript is appropriate, and therefore NSMC will provide a redacted version, redacting only the testimony concerning the financial and proprietary information alluded to in the Motion to Restrict, **on or before March 23, 2020**.

Therefore, **IT IS ORDERED** that:

(1)  NSMC's Motion [#87] is **GRANTED**;

(2)  The Clerk of the Court is **DIRECTED to MAINTAIN** a Level 1 Restriction for [#60]; and

(3)  **On or before March 23, 2020**, NSMC shall file a redacted version of the transcript [#60], consistent with this Minute Order.

DATED: March 16, 2020

---

[2] This court notes, however, that mere designation of the transcript as confidential, even under a purported and/or entered protective order, is not sufficient by itself to restrict public access to such documents. *See SolidFX, LLC v. Jeppesen Sanderson, Inc.*, Civil Action No. 11-cv-01468-WJM-BNB, 2012 WL 2917116, at *6 (D. Colo. July 16, 2012) (holding that "the mere fact that a party has designated a document as confidential is insufficient to justify restricted access"); *Lucero v. Sandia Corp.*, 495 F. App'x 903, 913 (10th Cir. 2012).